UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.  19-CV-62322-KMW

ALAN REDDISH, Individually,

      Plaintiff,

vs.

AVRAHAM OVADIA a/k/a AVI
OVADIA d/b/a DAYTONA PARADISE 770,
And ELEPHANT GROUP HOTEL 77
PRINCESS INC. f/k/a ELEPHANT
GROUP HOTEL 7 INC. a/k/a
ELEPHANT GROUP HOTEL 77,

      Defendants.

_____/

## DEFENDANT'S RULE 12(b)(6) MOTION TO DISMISS PLAINTIFF'S  COMPLAINT

Defendants, AVRAHAM OVADIA a/k/a AVI OVADIA d/b/a DAYTONA PARADISE 770 ("OVADIA"), and ELEPHANT GROUP HOTEL 77 PRINCESS INC. f/k/a ELEPHANT GROUP HOTEL 7 INC. a/k/a ELEPHANT GROUP HOTEL 77 ("ELEPHANT")(collectively the "Defendants"), by and through undersigned counsel, respectfully move to dismiss the Complaint filed by Plaintiff, Alan Reddish, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. In support of this Motion, Defendants state as follows:

1.    On September 18, 2019, Plaintiff filed this action against Defendant, seeking declaratory and injunctive relief, along with attorneys' fees, damages, costs and other expenses, for alleged violations of Title III of the Americans with Disabilities Act 42 U.S.C. §§12181-12189 ("ADA") and 28 C.F.R. §36.201 (DE – 1).

2.    Plaintiff claims that Defendant's website is inaccessible to the visually impaired, and fails to provide information about accessibility and accessibility features of Defendants'

hotel. (DE – 1, ¶¶2, 20-25).

3.      Count I of the Complaint fails to state a claim upon which relief can be granted for any alleged violation of the ADA. Defendant's website is not a physical, concrete structure, as required to state a claim under Title III of the ADA. Moreover, there is no basis to expand the ADA's application to Defendant's website because the nexus required to do so has not been alleged in the Complaint, and the website referenced in the allegations of the complaint is no longer active. Accordingly, Count I of Plaintiff's Complaint fails to state a claim for a violation of the ADA, and Count I should be dismissed.

4.      The allegations of the complaint attempt to allege that Plaintiff has standing to bring this claim.   However, the allegations are merely conclusions.   For instance, they suggest that the Plaintiff "intended" to visit the hotel, and claim in a conclusory manner that the website did not permit him to do so.   The allegation does not, however, allege specifically how it prevented him from doing so, and does not address that the information sought is available through multiple other means.  See, discussion *infra*.

5.      Significantly, the Defendants, at the time of the filing of this Motion do not maintain a website.   As a result, even if Plaintiff is correct in assuming that the lodging information guidelines which they cite are applicable to Defendants' there is no website owned or controlled by Defendants which can be modified or remediated.[1]

---

[1] Plaintiff makes references in footnote 1 of the Complaint to third party websites which may be available to use in booking a room at Defendants' hotel.  However, the complaint is devoid of any allegation that Defendants failed to provide the required information to the third party sites for posting, or that Defendants possess any legal right or authority over such third party websites to make Defendants' legally responsible for their content.   Plaintiff's complaint further fails to establish how – where the only remedy allowed under the ADA and therefore sought in the Complaint is injunctive relief – how this Court has the power to enjoin such third party sites without the owners of such sites being a party to this action. A mere naked allegation that Defendants' have "control over the content listed in any third party reservation providers" [DE-1,

6.      Plaintiff's allegations are deficient because Plaintiff elected a means of access and claims it didn't work, but has not alleged that other equally available means of access are also inaccessible.

7.      This when taken together with the fact that the ADA does not require a place of public accommodation to maintain even have a website[2], falls short of demonstrating that Defendants have discriminated against the visually impaired.

8.      Accordingly, Plaintiff's Complaint should be dismissed in its entirety pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' RULE 12(b)(6) MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Plaintiff's Complaint purports to be an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. §§12181-12189 ("ADA") and 28 C.F.R. §36.201 (Count I) (DE – 1, ¶3, 30, ad damnum ). Plaintiff also seeks "reasonable attorney's fees, damages, all costs …, and other expenses of suit … ." (DE – 1, ad damnum).

Plaintiff alleges that he is confined to a motorized wheelchair and a member of a protected class under the ADA. (DE – 1, ¶6,7).

According to Plaintiff's allegations, one of the functions of Defendant's website is to provide the general public information on the various goods, services, accommodations,

---

¶8] is legally insufficient.
[2] As of the filing of this motion the website identified in the allegations of the Complaint (www.daytonaparadise770.com) has been deactivated, and Defendants have determined not to replace it.   As an alternative to dismissing this action pursuant to Rule 12(b)(6), Defendants would move to dismiss this action as moot.

privileges and facilities available to patrons. (DE – 1, ¶5).

All the complaint does is, in conclusory fashion, assert that Defendant's website is governed by 42 U.S.C. 12182. To support this Plaintiff cites to general provisions of the ADA applicable to places of public accommodation that are "places of lodging," but fails to actually allege that the website itself is a place of public accommodation.

## ARGUMENT

### I.     RULE 12(b)(6) STANDARDS

For purposes of a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court must accept as true the facts as set forth in Plaintiff's Complaint and draw all reasonable inferences in Plaintiff's favor. *Nettles v. City of Leesburg – Police Department*, 415 Fed. Appx. 116, 120 (11th Cir. 2010). The Complaint need only contain a short and plain statement of the claim showing that Plaintiff is entitled to relief. While Plaintiff's Complaint does not need detailed factual allegations, Plaintiff has an obligation to provide the grounds of his entitlement to relief, and that obligation requires more than labels and conclusions or a formulaic recitation of the elements of a cause of action. *Id*. (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1995, 167 L. Ed. 2d 929 (2007)). Factual allegations must be enough to raise a right to relief above the speculative level. *Nettles*, 415 Fed. Appx. at 120 (citing *Twombly*, 550 U.S. at 555).

Even accepting Plaintiff's allegations as true along with all reasonable inferences,[3] Plaintiff has failed to state a claim in his Complaint upon which relief can be granted.

---

[3] Defendant is constrained within the context of this motion to dismiss to argue the "facts" as alleged by Plaintiff. Defendant disputes the facts alleged in the Complaint, and nothing herein should be interpreted as Defendant's acceptance of Plaintiff's claims or material allegations.

II.    **COUNT I OF THE COMPLAINT ALLEGING VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED**

In Count I of his Complaint, Plaintiff claims – despite never having patronized the Defendants' hotel or even claiming to want to do so in the future – that Defendant is depriving Plaintiff and others similarly situated of the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of its place of public accommodation and other allegedly different or lesser treatment in derogation of 42 U.S.C. §12101 et. seq., and as prohibited by 42 U.S.C. §12182 et seq."   (DE – 1).   Plaintiff, who labels himself a "tester" or advocate of similarly disabled persons (DE-1, ¶7), and is a serial filer of ADA complaints such as the one in this Case, has previously had Courts in this District explain the reach of Title III of the Americans with Disability Act as it applies to websites.  A pacer search revealed in excess of 20 such cases.

Plaintiff mentions access to making reservations for the hotel through the website, but does not allege that he tried to do so and was unable to do so.   As of the filing of this Motion, Defendants do not have a proprietary website.   Notably, Defendants are under no legal obligation to have or maintain a website.

Furthermore, Plaintiff lacks standing to pursue this ADA claim.  As explained above, the Plaintiff has not alleged any attempt to access the Defendant's physical locations which was impeded or affected by the website.  If, as in this case, there is a readily accessible option (telephoning the locations for information or even visiting the locations), because Plaintiff does not allege he unsuccessfully tried to avail himself of any of them, the Plaintiff does not meet the injury in fact requisite for standing.  *Norkus v. Seahorse NB, LLC,* 444 Fed.Appx. 412, 416 (11th Cir. 2011).

## **<u>CONCLUSION</u>**

For all of the foregoing reasons, Defendant requests that this Court grant Defendant's Rule 12(b)(6) Motion to Dismiss Plaintiff's Complaint and dismiss the Complaint.

WHEREFORE, Defendant respectfully requests that this Court:

(i)     grant this Motion;

(ii)    dismiss Plaintiff's Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, or as moot; and

(iii)   grant such further relief to Defendant as this Court deems to be just and appropriate.

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a true and correct copy of the foregoing was filed and served via CM/ECF on this 21st day of October, 2019 upon Lauren N. Wassenberg, Esq. (Email: wassenbergL@gmail.com), 1825 NW Corporate Drive, Suite 110, Boca Raton, FL 33431.

LAW OFFICES OF JONATHAN A. HELLER, P.A.
One Flagler Building
14 Northeast First Avenue
Suite 1105
Miami, Florida  33132
Telephone No.: (305) 372-5000
E-Mail: Jonathan@jhellerlaw.com
By:   /S/ *JONATHAN A. HELLER, ESQ.*
        JONATHAN A. HELLER, ESQ.
        Florida Bar No. 340881

7